Mr. Justice GRIER,
dissenting:
I do not concur in the opinion just read by my brother Miller; not that I question the correctness of the judgment cf the Court of Appeals of New Jersey; but this court, by *154 affirming tlieir judgment as to the true construction of the act of 1790, have demonstrated that they have no jurisdiction of the case.
The act of 1860, it is clear, is not repugnant to the Constitution or laws of the United States. The proposition that one legislature can restrain the power of future legislatures from erecting a bridge for ninety (and if ninety, a thousand) years, for a distance of ten miles (and if ten, a hundred), will hardly be asserted by any one.
That a State may, in its exercise of eminent domain, condemn a franchise as it might lands, cannot now be disputed.
' Now, the act of 1860 protects carefully all the rights of the defendants under the act of 1790, and requires compensation to be made them if they are injured.*
The complaint is not that the legislature have passed any act impairing the obligation of the contract, but that the courts of New Jersey have misconstrued the act of 1790, which gives them their franchise. Now, it cannot be pretended that the validity of this act is drawn in question on the ground of repugnancy to the Constitution. Their own courts have decided that a railroad viaduct is not a “ bridge,” and .the aim of the plaintiffs in error, by this writ of error, is to have this court to give a different construction to their charter. If, besides, the plain words and intention of the act of Congress conferring jurisdiction on this court under the 25th section, a decision of this point were necessary to demonstrate the unwarranted assumption of jurisdiction in this case, it will be found in the unanimous opinion of this court in Commercial Bank of Cincinnati v. Buckingham.† That case was decided after very full argument by able counsel. It was the unanimous judgment of this court. It is precisely in point, and it may be said in this case as in that, “If this court were .to assume jurisdiction of this case, it is evident that the question submitted for our decision would be, not whether the statute of Ohio is repugnant to the Constitution of the United States, but whether the Su *155 preme Court of that State has erred in its construction of it. It is the peculiar province and privilege of the State co iris to construe their own statutes, and it is no part of the functions of this court to review their decisions, or assume jurisdiction over them on the pretence that their judgments have impaired the obligation of contracts.”
I therefore protest against this decision of the court as usurpation of jurisdiction not given to us by the Constitution or the acts of Congress. It disregards the plain words of the statute and the unanimous ruling of this court. If it he received as a precedent, it will draw to the examination of this court the construction of every act of incorporation or grant of a franchise by a State legislature. The clause of the Constitution which forbids a State to pass any act impairing the obligation of contracts will have to be construed as a general power given to the courts of the United States to restrain the courts of a State from making mistakes in the construction of their own statutes.
The opinion of my brethren of the majority, in order to sustain this assumption of jurisdiction, takes it for granted that, as a franchise is a contract, a State, in the exercise of its right of eminent domain, cannot condemn a franchise by paying its value, as well as the land of an individual. This is directly contrary to frequent decisions of this court. Yet such is the act of 1860. As I have said, it carefully saves the rights of plaintiffs, and directs compensation to be made in case of any injury to the same. I cannot give my assent to a decision founded on such an assumption, or which may hereafter be quoted to establish such a doctrine.

 See ante, p. 119; note. Rep.

 5 Howard, 342.